Jobie KIRK, Appellant,

v.

STATE of Oklahoma, Appellee.

No. A–17077.

Court of Criminal Appeals of Oklahoma.

Jan. 31, 1973.

Henry W. Floyd, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., Paul Crowe, Asst. Atty. Gen., for appellee.

OPINION

BRETT, Judge:

Appellant, Jobie Kirk, hereinafter referred to as defendant, was convicted in the District Court of Carter County, Case No. CRF–69–8, of larceny of domestic animals, and sentenced to three years imprisonment. Judgment and sentence was imposed on May 12, 1971, and this appeal perfected therefrom.

It was charged by information that on October 10, 1968, the defendant did commit the offense of larceny of domestic animals

by stealing one Black Angus cow and one Charolais calf, without the permission of the owner. The evidence established that on October 10, 1968, Herman O. Hunt owned the cow and calf in question, which were taken from his acreage by an unknown party without his permission. Defendant's land was located some 20 acres from Hunt's property and was separated by two fences. The evidence established that defendant sold the cow and calf in question at the Ada Livestock Auction, while using the name of James R. Grisham, and that the defendant deposited the proceeds of the sale in his personal checking account. Upon defendant's arrest he was questioned and, according to the arresting officers, defendant stated, "Yes, I'm a darn good cattle rustler. I've got a 141 head out of there."

The defendant testified that the cow and calf were his property which he sold at the Ada sale, and that he deposited the proceeds of the sale into his personal account.

■ It is defendant's first contention that he was not properly advised of his rights, and did not waive his right to counsel, before making a statement to the arresting officers, which rendered his statement inadmissible. Defendant argues that his incriminating statement was inadmissible under Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), because the arresting officer, Sheriff Rudd, did not inform the defendant of his right to have an attorney appointed if he could not afford counsel.

The trial court conducted a non-jury hearing on the issue of the voluntariness of defendant's statement made after his arrest on December 9, 1968. Officers Harold Rudd and Robert Denney, and Marvin Turner, a Cattlemen's Association Investigator, testified that after defendant was arrested he was taken to the sheriff's office and advised of his rights. According to their testimony, there were no threats, force, or coercion, and defendant appeared to understand the explanation of his rights. Defendant's rights were read to him from a card, once by Rudd and once by Turner. Rudd testified:

"It was read from the card that you have a right to counsel. Anything that you tell us can be used for or against you in court and I can't recall it all, because we usually did read them off so that we would have it all, but you do have a right to a lawyer and I would have to check . . have the card to get it all. It's been two or three years since I used one."

Denney testified:

"He advised him [defendant] he had the right to remain silent, anything he said would be used against him in a court of law. He had the right for an attorney. If he couldn't afford one, one would be appointed for him. He also asked him [defendant] if he understood them rights and would he like to answer some questions and he said 'yes sir'."

Turner testified:

"Well, he was told that, number one, that he didn't have to say anything unless he wanted to and that if he wanted an attorney, why he could have an attorney and whatever he would tell us would be used against him."

Defendant testified that after he was arrested and brought to the sheriff's office, he was not advised of his rights by anyone. Defendant further testified that he did not admit that he had ever stolen cattle. The trial court ruled that the defendant had been fully advised of his constitutional rights, that he had voluntarily waived his right to counsel at questioning, and that he had intelligently and voluntarily made a statement which was inadmissible.

■ Defendant argues that Sheriff Rudd did not inform the defendant of his right to have an attorney appointed if he could not afford one. Defendant is correct that each of the four warnings spelled out in Miranda v. Arizona, supra, must be given, and it is not sufficient to give some, but not all of the warnings. Story v. State, Okl.Cr., 452 P.2d 822 (1969). How-

ever, we are satisfied that the trial court in its non-jury hearing had before it competent evidence which supported the conclusion that the defendant had been fully advised of his rights as set forth in Miranda v. Arizona, supra; and that the State had sustained its heavy burden to demonstrate that the defendant knowingly and intelligently waived his privilege against self-incrimination, and his right to retained or appointed counsel at the time of questioning. Although the witnesses to the defendant's statement could not recall the exact language of the warnings given to the defendant, at least one, Officer Denney, testified that the defendant was told he had the right to an attorney and if he couldn't afford one, and that one would be appointed for him. We therefore conclude that the trial court's ruling was supported by the evidence and reject defendant's contention that his statement was inadmissible because he was not fully advised of his constitutional rights.

It is defendant's second and final contention that the trial court erred because "it did not instruct the jury that if the defendant believed the cattle to be his, notwithstanding he was mistaken, then he should be acquitted." Defendant argues that because the trial court failed to so instruct he was denied the opportunity to have his defense properly presented to the jury.

Defendant's contention in this regard is wholly without merit, as the record indicates that the court instructed the jury as follows:

"In this connection, you are further instructed, if you find that the defendant believed the cattle to be his, notwithstanding he was mistaken, at the time of the taking, or at the time of the sale thereof, your verdict should be for the defendant."

It appears that the trial court did, by interlineation, add the phrase "notwithstanding he was mistaken" to the instruction. Since the jury was so instructed by the court, defendant's contention is baseless.

Having considered defendant's assignments of error, and finding them without merit, we conclude that the judgment and sentence should be, and the same is hereby, affirmed.

BLISS, P. J., and BUSSEY, J., concur.